## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OKECHUCKWU VALENTINE OSUJI,<br>    *Defendant*. | No. 3:20-cr-00111 (JAM) |

### OMNIBUS ORDER RE PRETRIAL MOTIONS

The Government has charged Okechuckwu Valentine Osuji with conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and aiding and abetting in violation of 18 U.S.C. §§ 1349, 1343, 1028A, and 2. Osuji has pleaded not guilty to all charges. The Court is scheduled to select a jury this week, and this ruling addresses the parties' pretrial motions in anticipation of a trial to begin later this month. This ruling is based on the parties' filings as well as their representations during the course of arguments at today's pre-trial conference.

### *Osuji's motion* in limine *to suppress statements (Doc. #160)*

Osuji moves to suppress statements he made to Malaysian law enforcement officers after his arrest. The Government claims that the Court need not rule on this motion because it will not seek to admit Osuji's statements as part of its case-in-chief at trial. Accordingly, based on the Government's representation that Osuji's statements will not be part of its case-in-chief, the Court DENIES as moot Osuji's motion *in limine* to suppress his post-arrest statements. If the Government wishes to elicit such statements during its rebuttal case or cross-examination of the defendant, it must furnish advance notice of its intent to do so.

### *Osuji's motion* in limine *for disclosure re use of Bodunde statement (Doc. #164)*

Osuji moves to limit the introduction of the post-arrest statement of his alleged co-conspirator, Tolulope Samuel Bodunde. Because Bodunde has entered a plea of guilty and will

no longer be a co-defendant at trial, it does not appear that the Government has non-hearsay-barred grounds to introduce any of Bodunde's post-arrest statements. Accordingly, the Court DENIES as moot Osuji's motion *in limine* to limit the introduction of Bodunde's post-arrest statements with the understanding that the Government no longer intends to elicit such statements.

### Osuji's motion in limine *for disclosure of expert witnesses (Doc. #165)*

Osuji moves pursuant to Federal Rules of Evidence 702, 703, and 704 for the Government's disclosure of any expert testimony that it intends to offer at trial. The Government has since furnished such disclosures. Accordingly, the Court DENIES as moot the motion *in limine* for disclosure of expert witnesses.

### Osuji's motion in limine *re evidence of other frauds (Doc. #166)*

Osuji moves *in limine* for the Government's disclosure of "what other alleged fraudulent acts not included in the Superseding Indictment, if any, about which it intends to introduce evidence at trial."[1] I understand from counsel's representations at today's hearing that the Government has now disclosed such evidence and that there does not appear to be a broad dispute about the admissibility of such evidence. Accordingly, the Court DENIES as moot the motion to limit evidence of other frauds but without prejudice to renewal with respect to any specific item of evidence.

If Osuji has a concern about a particular item of evidence, he is requested to confer with the Government and then to bring it to the Court's attention as soon as possible prior to when the Government intends to offer such evidence at trial. In addition, if either party wishes to propose a

---

[1] Doc. #166 at 1.

limiting instruction to be issued during trial and/or during final jury instructions, they may file such proposed limiting instruction on the docket.

### *Osuji's motion* in limine *of language re superseding indictment (Doc. #167)*

Osuji moves *in limine* to request that the Government not reference during its presentation of evidence such terms that appear in the indictment including the term "Osuji network" and the terms "alias" or "A/K/A" to equate Osuji with other names such as Ewout Leeuwenburrg or Luis Frascolla. The Court GRANTS the motion but without prejudice to the Government's use of such terms in its closing argument and with the understanding that this order solely limits the use of certain argumentative terminology during the Government's presentation of evidence and does not limit the Government's introduction of such underlying evidence that it believes may establish that there existed an "Osuji network" and that involved the fraudulent use by Osuji of names such as Ewout Leeuwenburrg or Luis Frascolla. As I noted during today's hearing, I do not intend to submit the indictment to the jury, and the parties may raise any concerns they have about terminology in the final jury instructions at the final charge conference.

### *Osuji's motion* in limine *to elect court trial (Doc. #205)*

Osuji moves for a bench or court trial rather than a jury trial for two reasons. First, he contends that he cannot receive a fair trial because of his Nigerian background and because of the association that jurors may draw between Nigerians and romance fraud schemes. Second, he contends that the computer evidence will be too complex for a jury to understand. The Government objects. I am not convinced that the computer evidence will be too complex for a jury to understand, and I am not convinced at this time that jurors will be biased against Osuji.

Accordingly, the Court DENIES the motion for a bench trial without prejudice to renewal after jury selection and on the basis of a further showing that the jury cannot be fair and impartial.

### *Osuji's motion* **in limine** *to suppress evidence seized from his residence (Doc. #206)*

Osuji moves to suppress evidence seized from his residence in Malaysia at the time of his arrest. I will deny this motion for substantially the reasons set forth by the Government, including principally that Osuji's claim under the Fourth Amendment is foreclosed by *United States v. Verdugo-Urquidez*, 494 U.S. 259, 261, 274–75 (1990), which declines to apply the Fourth Amendment against an extraterritorial search of the premises of a person who has no voluntary attachment or sufficient connection to the United States.

### *Government's motion* **in limine** *for opening statement (Doc. #208)*

The Government moves to present an opening statement. In light of Osuji's agreement, the Court GRANTS the motion, and the parties may present opening statements of up to ten minutes in length as they have agreed.

#### CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part the parties' pretrial motions *in limine*.

It is so ordered.

Dated at New Haven this 2d day of April 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge